J-S37024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS DIPIETRO | : | |
| | : | |
| Appellant | : | No. 548 EDA 2021 |

Appeal from the PCRA Order Entered February 24, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0401701-2000

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Nicholas DiPietro (Appellant) appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history as follows:

In January of 2001 [Appellant] first went to trial before the Honorable James A. Lineberger.  He was represented by attorney Earl Raynor (Raynor).  During the trial, attorneys Charles Peruto, Jr. (Peruto) and Stephen Jarrett (Jarrett) attempted to enter their appearances on [Appellant's] behalf.  On January 26, 2001, following an acrimonious dispute involving [Appellant], attorney Raynor and attorneys Peruto and Jarrett, the court declared a mistrial.

On August 7, 2001, following [Appellant's] second trial where he was represented by attorney Jarrett, a jury found him guilty of first-degree murder and related offenses arising from a

_____

[*] Former Justice specially assigned to the Superior Court.

killing on February 28, 2000. On August 8, 2001, he was sentenced to life imprisonment.

On July 30, 2008, the Superior Court affirmed the sentence on [Appellant's] direct appeal. [The Pennsylvania Supreme Court denied *allocatur* on December 12, 2008; thus*,* Appellant's judgment of sentence became final on March 12, 2009, after ninety days had passed and Appellant did not seek *certiorari* with the United States Supreme Court]. On June 23, 2009, [Appellant] filed a counseled [PCRA] petition that was dismissed on December 20, 2011. [Appellant] appealed and on July 24, 2013, the Superior Court affirmed the trial court's order dismissing his petition. [Appellant did not seek leave to appeal from the Pennsylvania Supreme Court.]

On March 21, 2016 [ ], [Appellant] filed a *pro se* [PCRA Petition] that was amended in an April 3, 2018 [Amended PCRA Petition], and an October 11, 2019 [Second Amended PCRA Petition]. On February 24, 2021, after having granted [Appellant's] requests for additional time to respond to the [c]ourt's Rule 907 Notice of Intention to Dismiss, the [c]ourt dismissed the petition as untimely. [Appellant] took this appeal.

PCRA Court Opinion, 6/16/21, at 1-2.

Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. WAS [APPELLANT] ENTITLED TO A HEARING ON HIS NEWLY-DISCOVERED FACT CLAIM, IN LIGHT OF **COMMONWEALTH V. WILLIAMS**, [244 A.3d 1281 (Pa. Super. 2021)] RELATING TO THE SAME TYPE OF CLAIM?

2. WHETHER THE PCRA COURT MADE A DECISION THAT WAS CONTRARY TO THE PENNSYLVANIA SUPERIOR COURT AND THE PENNSYLVANIA SUPREME COURT?

3. WHETHER [APPELLANT] SATISFIED THE JURISDICTIONAL REQUIREMENTS OF 42 Pa.C.S.A. § 9545(b)(1)(i)[1] & (ii)?

_____

*(Footnote Continued Next Page)*

- 2 -

Appellant's Brief at 7 (footnote added).

As Appellant's issues are related, we address them together, mindful that we review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

To be timely, PCRA petitions, including second and subsequent petitions, must be filed within one year of an appellant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, the courts lack jurisdiction. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v.**

---

[1] In the body of his argument, Appellant abandons his claim relative to 42 Pa.C.S.A. § 9545(b)(1)(i). **See** Appellant's Brief at 31.

***Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Here, Appellant's judgment of sentence became final in 2009. He did not file the instant petition, his second, until March 21, 2016. Thus, Appellant's petition is facially untimely. When a PCRA petition is untimely, a petitioner may overcome the time-bar if he alleges and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three exceptions to the one-year time-bar are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] If a

---

[2] Effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, claims arising December 24, 2017 or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his petition on March 21, 2016, the amendment does not apply.

petitioner fails to invoke a valid exception, courts are without jurisdiction to review the petition or provide relief. ***Spotz***, 171 A.3d at 676.

Appellant claims he qualifies for the newly discovered facts exception. 42 Pa.C.S.A. § 9545(b)(1)(ii). He alleges that he discovered in 2019 that attorney Charles Peruto, Jr., who briefly represented Appellant during his first trial, "sold [him] out" by informing the trial judge and the Commonwealth that Appellant had confessed to the crime. Amended PCRA Petition, 10/11/19, at 3-4.

In rejecting this claim, the PCRA court explained at length:

[Appellant] invokes the newly discovered fact exception on a claim that his counsel engaged in misconduct detrimental to his interests. Specifically, he avers that he:

received correspondence from Journalist Nick Christophers dated September 26, 2019, informing [Appellant] that he had researched transcripts and observed where counsel 'sold you out,' and forwarded a copy of the transcript pages revealing that counsel informed the prosecutor and Judge prior to the second trial that [Appellant] told counsel that he did the crime.

He complains that counsel thereafter should have withdrawn from representing [him] and that the judge should have recused himself.

Attached to the [Second Amended PCRA Petition] are two exhibits. The first consists of copies of two letters from Nick Christophers (Christophers). The one dated September 26, 2019, is notarized and states:

Dear Nick,

Hope all is well. Through my investigative reporting I discovered that in your original trial transcripts that

- 5 -

> your attorney told to [*sic*] the Judge that you admitted
> to murdering an individual. This is a breach of loyalty
> and a broken rule. You need to check back on the
> transcripts page 34/35.
>
> Best,
>
> Nick Christophers

The second letter from Christophers is dated 7-19-19, is not notarized and reads:

> Nicky,
>
> I have researched a lot of your trial transcripts from
> your first and second trial. You should read them it
> seems your lawyer "sold you out" in what is terms
> [*sic*] a structural error. This could be your opportunity
> to prove your innocence.
>
> Best,
>
> Nick Christophers

Exhibit 2 consists of copies of transcript pages from the first trial: pages 33-38 of the notes taken on January 26, 2001, and pages 13-16 of notes taken on January 25, 2001.[2] These pages show that on January 25, 2001, the [c]ourt explained to the jury that attorney Raynor would represent [Appellant] in the proceedings that day, but that attorneys Peruto and Jarrett, who had entered their appearance on [Appellant's] behalf, would then take over. The next day, out of the presence of the jury, an exchange took place among the court and counsel. The defense requested a mistrial. The [c]ourt requested the Commonwealth's position. The prosecutor responded, in pertinent part:

> ... as the [c]ourt is aware from the off the record
> discussion, the other attorney wants to try this case a
> lot differently [than Raynor would]. This case is being
> tried as an identification case. Mr. Peruto, in the back
> wasn't — and I don't think counsel [Raynor] was privy
> to that conversation, said this is not an identification
> case, my client told me he did it...

> ² It appears that copies of the transcript pages accompanied Christophers' September letter.

[Appellant's] theory is that counsel's purported betrayal was a new fact unknown to him before September of 2019, and that since he filed his petition within a month of receiving Christophers' letter, he has satisfied the after-discovered fact exception.

The theory fails. While [Appellant] may have read the transcript for the first time in September of 2019, it has been available to him since 2001. Although he declares that he could not have discovered the fact before, he does not say why; he omits any description of the due diligence, if any, he exercised. This is particularly damning since the record shows that Christophers is a journalist whose investigation into [Appellant's] case has been known to [Appellant] since at least May of 2018.³

> ³ [Appellant] attaches to his [Amended PCRA Petition] a copy of an article authored by Christophers in **May 2016** entitled, "*Story of Nicky Slick* [Appellant]: *Something Stinks in Philadelphia*" and published in a blog entitled *Costa Nostra News*[.]

Appellant has neither pled nor proven a *prima facie* claim that his petition falls under the after-acquired fact exception.⁴ Accordingly, this court lacked jurisdiction to hear this claim.

> ⁴ [Appellant's] petition is silent on the question of how or why this new fact — that Peruto claim[ed] that his client confessed — would change the outcome of his second trial before a new jury. **Com. v. Sattazahn**, 2005 Pa. Super. 70, ¶ 11, 869 A.2d 529, 534 (2005) (stating that petitioner must show the new facts "would have changed the outcome of the trial if it had been introduced.").

PCRA Court Opinion, 6/16/21, at 5-7 (record citations omitted, emphases in original).

Upon review of the record, including Appellant's initial *pro se* petition and counseled amended petitions, we agree with the PCRA court's well-

reasoned analysis and rejection of Appellant's attempt to invoke the newly-discovered fact exception of Section 9545(b)(1)(ii). In addition, were are unpersuaded by Appellant's reliance on our recent decision in **Commonwealth v. Williams**, **supra**, and the Pennsylvania Supreme Court's decision in **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

In **Williams**, we addressed **Small** and explained:

> In **Small**, the Supreme Court "disavow[ed] the public record presumption [and overruled any] earlier decisions, including [its] own, [that] relied upon and applied that presumption to reject a petitioner's claim." **Id.** at 1286. The **Small** Court recognized that the public record presumption "can lead to results in tension with the statutory language [of section 9545(b)(1)(ii) ... where] a PCRA petition can establish the facial requirements of the newly-discovered fact exception, but the court rejects [a] claim merely due to the earlier public availability of the information[.]" **Id.** at 1284.

**Williams**, 244 A.3d at 1288 (footnote omitted). Consistent with **Small**, we vacated the order dismissing the appellant's untimely PCRA petition based on the public record presumption and remanded for a hearing to ascertain whether the facts regarding a Commonwealth witness's criminal history and pattern of cooperation with the Commonwealth were unknown to the appellant, and if so, whether the appellant had exercised due diligence. **Id.** at 1288-89.

Here, **Small** and **Williams** are inapplicable because the PCRA court did not dismiss Appellant's petition based on the public record presumption, but because Appellant failed to plead and prove that he attempted to obtain the relevant transcripts in the many years that passed from his trial, conviction,

and sentencing in 2001, to the March 2016 filing of his second PCRA petition. As stated by the PCRA court, Appellant "may have read the transcript for the first time in September of 2019, [but] it has been available to him since 2001." PCRA Court Opinion, 6/16/21, at 7.

Accordingly, Appellant has failed to plead and prove an exception to the PCRA time-bar. As his second PCRA petition is untimely, we, like the PCRA court, lack jurisdiction and "the legal authority to address the substantive claims." **Lewis, supra.**

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022